UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
:
SHEILA ALLEN, :
:
           Plaintiff, :      ORDER
:       09-CV-1520 (JFB) (ARL)
         – against – :
:
NASSAU COUNTY EXECUTIVE THOMAS :
SUOZZI, ET AL., :
:
           Defendants. :
:
----------------------------------X

JOSEPH F. BIANCO, District Judge:

**ORDER ADOPTING REPORT AND RECOMMENDATION**

     On April 10, 2009, *pro se* plaintiff Sheila Allen filed this action, alleging violations of her rights based upon, among other things, the alleged unlawful involvement of the defendants in failing to enter into a contract with her company, New Life Business Institute, and subjecting her to criminal investigation and prosecution. On January 6, 2010, Allen filed an Amended Complaint adding new claims and new defendants. On March 8, 2010, defendants filed a motion to dismiss. On March 31, 2010, plaintiff filed an opposition. On April 21, 2010, defendants filed a reply. On February 15, 2011, Magistrate Judge Arlene Lindsay, to whom this matter had been referred for review, issued a Report and Recommendation (the "Report"), which is incorporated by reference herein, recommending the following: (1) that the case be dismissed against defendants John Venditto, Mary Curtis, Kathleen Rice, Thomas Suozzi, and John Imhof for improper service, pursuant to Fed. R. Civ. P. 12(b)(5); (2) that the claims be dismissed

1

against the Nassau County Executive Office, the Nassau County District Attorney's Office, and the Nassau County Department of Social Services and that the County of Nassau, which has not been named, be substituted as the correct party in interest; (3) that County defendants' motion to dismiss the Section 1981 claims be granted; (4) that the Town defendant's motion to dismiss the Section 1981 claims be granted with respect to the Town of Oyster Bay, but denied with respect to defendants Bridgette Hand and Joseph Visconti; (5) that the Title VI claim be dismissed in its entirety; and (6) that the Section 1985 claims be dismissed in their entirety.

On February 24, 2011, counsel for defendants Hand and Visconti submitted objections to the Report. For the reasons stated below, the Court adopts the Report in its entirety.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to those portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## II. ANALYSIS

The Court has conducted a review of the full record, including, among other things, the complaint, the parties' respective submissions in connection with defendants' motion, as well as the Report, applicable law, and defendants' objections. Having reviewed *de novo* all portions of the Report to which defendants specifically object, and having reviewed the remainder of the Report for clear error, the Court adopts the Report in its entirety, for the reasons set forth therein and below. In particular, defendants Hand and Visconti argue the following: (1) plaintiff's Section 1981 claim cannot survive a motion to dismiss because "allegations based upon 'racial animus' alone, without specifically pleaded factual circumstances is [sic] insufficient to state a cause of action upon which relief may be granted," and "[t]he complaint fails to give fair notice of plaintiff's claim and the grounds upon which it rests" (Objections at 3 (emphasis in original)); and (2) even if a claim has been stated, defendants are entitled to qualified immunity and were not permitted to demonstrate the reasonableness of their actions to the Court. (Objections at 4-5.) As set forth below, these arguments are without merit.

### A. Plaintiff Has Stated a Plausible Section 1981 Claim

Plaintiff asserts a cause of action under 42 U.S.C. § 1981 against defendants Hand and Visconti. It is well-settled that Section 1981 "prohibits discrimination based on race in the making and enforcement of contracts." *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998); *see also Turner v. Nat'l R.R. Passenger Corp.*, 181 F. Supp. 2d 122, 127-28 (N.D.N.Y. 2002). "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the

3

statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Section 1981 claims are analyzed under the same standards as Title VII claims. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir. 2000).

Defendants argue that Allen has failed to allege specific factual allegations to support a plausible claim under Section 1981. The Court disagrees. As noted by Magistrate Judge Lindsay in her thorough and well-reasoned Report, with respect to Hand and Visconti, the Amended Complaint sets forth a number of allegations of adverse discriminatory conduct by these defendants toward plaintiff that plaintiff asserts were based upon her race. For example, the Amended Complaint alleges that, after Allen was awarded the County contract, Hand and Visconti began to harass her and refused to honor the contract for services that she held with them. *See* Am. Compl. ¶ 16 ("Joe Viscanti and Bridgette Hand under the supervision of John Venditto began to harass my company New Life Business Institute Inc. and Sheila Allen tremendously. They would no longer honor my contract for services that I held with them."). In addition, plaintiff asserts that Hand and Visconti forced former students to write false complaints about her business, under threat of losing government benefits, in order to ruin her company. *See id.* ("The Town of Oyster Bay Workforce Development Bridgette Hand and Joe Visconti under the supervision of John Venditto began writing bogus complaints to the New York State Department of Education as well as forcing former students to write complaints about New Life Business Institute, or these clients would lose their Government benefits."). Furthermore, the Amended Complaint asserts that these defendants, along with others, "began to re-train former students of New Life Business Institute to discredit our training and services." *Id.* ¶ 17.

4

The Amended Complaint not only specifies the specific adverse actions taken by the defendants against plaintiff, but alleges over and over again that these actions were based upon racial animus. *See id*. ¶ 16 ("The Town of Oyster Bay, John Venditto, Joe Viscanti, and Bridgette Hand had violated my Constitutional rights because I was African American decent [sic] and was enjoying the same benefits as they were afforded. They intentionally set out to destroy New Life Business Institute and wanted our establishment to lose our license to operate." ). Although defendants argue that this racial animus is only alleged in a conclusory manner, that is incorrect. With respect to the racial intent, plaintiff specifically asserts that vendors of Caucasian descent had received no-bid contracts for the past twenty-five years and had not been subjected to the same scrutiny as plaintiff and her company. *See id.* ¶ 52 ("The three vendors that were awarded the no-bid contract for assessment and training services for the past twenty-five years were of a Caucasian decent [sic] and never had to be placed under a criminal investigation."). Thus, plaintiff alleges that the defendants' objective, as allegedly indicated by the disparate treatment of plaintiff and Caucasian vendors, was to avoid dealing with an African-American vendor:

> The Town of Oyster Bay, Bridgette Hand, and Joe Viscanti are in violation of 42 U.S.C. § 1985 and 42 U.S.C. § 1981 and acted illegally and outside their scope of authority by exhibiting **racial discrimination** due to me being of an African American decent [sic]. In the past they were not required to deal with a training Institution, other than Hunter Business School who is owned by a man of Caucasian decent [sic] and a frequent Campaign donor of Mr. Thomas Suozzi. The racial and unjust treatment such as harassment, ridicule, questioning and complaints given to Sheila Allen and New Life Business Institute was not given to the other training facility contracted for services Hunter Business School located in East Meadow, N.Y.

*Id.* ¶ 53 (emphasis in original).

Accepting all of the factual allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor, the Amended Complaint sets forth a plausible Section 1981 claim

5

under the standard articulated in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The complaint gives defendants notice of the claim and sets forth sufficiently detailed allegations to describe the basis for the claim. Although defendants argue that the Amended Complaint does not meet the parameters set forth in *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008), this Court disagrees. In *Boykin*, the Second Circuit concluded:

> In sum, Boykin's allegations, taken as true, indicate the possibility of discrimination and thus present a plausible claim of disparate treatment. The complaint gives KeyBank notice of Boykin's claim and the grounds upon it rests that is sufficient to satisfy Rule 8(a). We emphasize that we are expressing no opinion regarding the merits of Boykin's claim. And that is precisely the point: even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases. The merits of a claim like Boykin's, which on its face presents a plausible allegation of disparate treatment, should be tested on summary judgment.

*Id.* at 215-16. That is precisely the situation in the instant case. As Magistrate Judge Lindsay correctly concluded, plaintiff has stated a plausible claim that survives a motion to dismiss.[1] Thus, the Court finds defendants' objection on this ground to be without merit.

    B.        Defendants Are Not Entitled to Qualified Immunity at This Juncture

Defendants argue that, even if the Court finds that the pleading requirements have been met as to claims brought against defendants Hand and Visconti, they are entitled to qualified immunity for their allegedly unlawful actions. However, the Court agrees with Magistrate Judge Lindsay that,

---

[1] Defendants also argue that Magistrate Judge Lindsay's conclusion that the Section 1985 claim could not survive a motion to dismiss because of insufficient factual allegations is inconsistent with her conclusion that the Section 1981 claim could survive. However, the Court disagrees. Although the Amended Complaint contained insufficient allegations of conspiracy between the various defendants to state a plausible Section 1985 claim, conspiracy is not an element of a Section 1981 claim. Thus, the pleading defects regarding conspiracy under Section 1985 did not impact the Section 1981 claim.

given the absence of a sufficient factual record in this case, the Court cannot conclude at this juncture that the defendants are entitled to qualified immunity.

"Qualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003). The Second Circuit has held that "a right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful." *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004) (internal quotation marks and alterations omitted). This analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks omitted).

Here, if the allegations in the complaint are all resolved in plaintiff's favor and the jury concludes that defendants Hand and Visconti intentionally discriminated against her under § 1981 based upon her race, qualified immunity would not protect them. *See, e.g.*, *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 130 (2d Cir. 2004) ("We find that the two remaining individual defendants in this case are not entitled to qualified immunity. It was eminently clear by 2001, when the alleged discrimination took place, both that individuals have a constitutional right to be free from sex discrimination, and that adverse actions taken on the basis of gender stereotypes can constitute sex discrimination.").

Defendants' primary objection to the Report on the qualified immunity issue is that they

7

could have proved the reasonableness of their conduct if given the opportunity to do so.[2] (*See* Objections at 5 ("Had defendants been permitted to respond to plaintiff's allegation of their unreasonable conduct, they would have submitted to the court that, indeed, the contract the plaintiff alludes to was an agreement between the Town of Oyster Bay and plaintiff's business which began on November 1, 2004 and expired on June 30, 2006, and for which the Town of Oyster Bay honored until its expiration date. Defendants acted within their administrative and investigatory duties in receiving complaints from former students.").) However, a motion to dismiss is not the time for the defendants to make evidentiary submissions on the reasonableness of their conduct in support of their qualified immunity defense; rather, such factual evidence, if necessary to establish the basis for qualified immunity (which is the situation in this particular case), must await a summary judgment motion. *See generally McClellan v. Smith*, 439 F.3d 137, 148-49 (2d Cir. 2006) (holding that "there is nothing in the present record to indicate whether 'reasonable officers would disagree' as to the propriety of [the officer's] actions" and reversing district court's grant of summary judgment); *Bostic v. City of Binghamton,* No. 3:06-CV-540, 2006 U.S. Dist. LEXIS 73948, at *13 (N.D.N.Y. Oct. 11, 2006) ("While the facts that may be established through discovery might lead to the conclusion that the individual defendants possessed actual or arguable probable cause to arrest Plaintiff and commence his prosecution . . . that determination will have to await a summary judgment motion or trial."); *Hickey v. City of New York*, No. 01-cv-6506 (GEL), 2002 U.S. Dist. LEXIS 15944, at *16 (S.D.N.Y. Aug. 26, 2002) (denying qualified immunity to police and prosecutors because "the fact-intensive question of what the defendants knew or reasonably

---

[2] To the extent defendants also raise the same objections on the qualified immunity issue regarding the insufficiency of the factual allegations as were raised by defendants under their general argument that plaintiff failed to provide adequate notice of the claim and otherwise satisfy Rule 12(b)(6), the Court rejects those arguments for the reasons outlined in Magistrate Judge Lindsay's Report and *supra*.

believed, or indeed whether there is any material dispute about that question, can only be addressed on a fuller factual record, at summary judgment or trial"); *Murphy v. Neuberger*, No. 94-cv-7421 (AGS), 1996 U.S. Dist. LEXIS 11164 at *38 (S.D.N.Y. Aug. 6, 1996) (finding that because "[i]t is unclear from the undeveloped record before the Court whether it was objectively reasonable for the defendants to believe that they had probable cause to arrest plaintiff," police officers and prosecutor were not entitled to qualified immunity).

In sum, while the Court recognizes that the qualified immunity issue should be decided at the earliest juncture where possible, the current record in this case (based upon the Amended Complaint) does not provide a sufficient basis for the Court to make the qualified immunity determination at the motion to dismiss stage. Thus, the motion to dismiss the Section 1981 claims against defendants Hand and Visconti on the basis of qualified immunity is denied. However, such denial is without prejudice to renewal at the summary judgment stage, should the individual defendants decide to make such a motion.

### III. CONCLUSION

Having conducted a *de novo* review of all portions of the Report to which defendants specifically object, and having reviewed the remainder of the Report for clear error, the Court adopts the Report in its entirety. Accordingly, (1) the case is dismissed against defendants John Venditto, Mary Curtis, Kathleen Rice, Thomas Suozzi, and John Imhof for improper service, pursuant to Fed. R. Civ. P. 12(b)(5); (2) the claims are dismissed against the Nassau County Executive Office, the Nassau County District Attorney's Office, and the Nassau County Department of Social Services, and the County of Nassau, which has not been named, is hereby substituted as the correct party in interest; (3) the County defendants' motion to dismiss the Section 1981 claims is granted; (4) the motion to dismiss the Section 1981 claim is granted with respect to the Town of Oyster Bay, but denied with respect to defendants Bridgette Hand and Joseph Visconti; (5) the Title VI claim is dismissed in its entirety; and (6) the Section 1985 claims are dismissed in their entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 21, 2011
      Central Islip, New York