UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

№ 09-CV-1520 (JFB) (ARL)
_____

SHEILA ALLEN,

Plaintiff,

VERSUS

COUNTY OF NASSAU, BRIDGETTE HAND, AND JOE VISCONTI,

Defendants.
_____

**MEMORANDUM AND ORDER**
December 23, 2013
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Sheila Allen ("plaintiff") moves to file a Second Amended Complaint ("SAC") in response to the dismissal of most causes of action set forth in her amended complaint under Federal Rule of Civil Procedure 12(b)(6). Because the SAC is a carbon copy of the amended complaint in all material respects, the Court determines that amendment would be futile, and accordingly denies plaintiff's motion to file the SAC.

I. BACKGROUND

Plaintiff commenced this action against Thomas Suozzi ("Suozzi"), Mary Curtis ("Curtis"), Kathleen Rice ("Rice"), John Venditto ("Venditto"), and John Imhof ("Imhof") on April 10, 2009. By leave of the Court, plaintiff filed an amended complaint on January 6, 2010, which added as defendants the Town of Oyster Bay, Bridgette Hand ("Hand"), Joe Visconti ("Visconti"), the Nassau County Executive Office, the Nassau County District Attorney's Office (the "D.A.'s Office"), and the Department of Social Services ("DSS"). In general, plaintiff alleged that these defendants had acted unlawfully by failing to enter into a contract with her company, New Life Business Institute, and by subjecting her to criminal investigation and prosecution. Specifically, the amended complaint alleged that some or all of the defendants 1) failed to honor her contract because of her race and gender, in violation of 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964; 2) conspired to cancel the contract because of her race, in violation of 42 U.S.C. § 1985; 3) committed tortious interference with her contract, in violation of 42 U.S.C. § 1981; 4) deprived her of procedural due process by refusing to execute her contract, in violation of 42 U.S.C. § 1983; 5) discriminated against her because of her race, in violation of 42 U.S.C. §§ 1981 and 1985; 6) neglected to prevent conspiratorial wrongs, in violation of

1

42 U.S.C. §§ 1985(3) and 1986; and 7) abused power, in violation of 42 U.S.C. § 1983.

The Town of Oyster Bay, Venditto, Hand, and Visconti (the "Town defendants") and the Nassau County Executive Office, Suozzi, Curtis, the D.A.'s Office, Rice, DSS, and Imhof (the "County defendants") moved to dismiss the amended complaint, and the Court referred the motions to Magistrate Judge Arlene Lindsay for review. On February 15, 2011, Magistrate Judge Lindsay issued her Report and Recommendation ("R&R"), which recommended the following: (1) that the case be dismissed against Venditto, Curtis, Rice, Suozzi, and Imhof for improper service, pursuant to Fed. R. Civ. P. 12(b)(5); (2) that all claims be dismissed against the County Executive Office, the D.A.'s Office, and DSS, and that the County of Nassau (the "County") be substituted as the correct party in interest; (3) that the County defendants' motion to dismiss the Section 1981 claims be granted; (4) that the Town defendants' motion to dismiss the Section 1981 claims be granted with respect to the Town of Oyster Bay, but denied with respect to defendants Hand and Visconti; (5) that the Title VI claim be dismissed in its entirety; and (6) that the Section 1985 claims be dismissed in their entirety. The Court adopted the R&R in its entirety on March 21, 2011. As the result of the Court's Order, only the Section 1981 claims against Hand and Visconti survived the motions to dismiss.

Over two years after the Court issued its March 21, 2011 Order, plaintiff moved to file the SAC on May 24, 2013. The SAC alleges the same seven causes of action as did the amended complaint. In fact, the allegations in the SAC are exactly the same as those set forth in the amended complaint, except that the SAC names only the County, Hand, and Visconti as defendants. In effect, the SAC substitutes the County for all defendants listed in the amended complaint, except Hand and Visconti.[1]

Hand and Visconti opposed the SAC on June 7, 2013, and the County opposed on June 26, 2013. Plaintiff filed a reply memorandum on July 8, 2013. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to motions to amend the pleadings. "The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a); a motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, No. 07-CV-3478 (JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013); *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122,

---

[1] For example, in the portion of the complaint describing the parties, the amended complaint alleges, "Defendant THOMAS SUOZZI Elected County Executive in 2001 and is the head of the executive branch of government in Nassau County. The executive is generally given full responsibility for the total operation of all departments based on general directives provided by the elected county government that hired the executive. Located at 1550 Franklin Avenue, Mineola, NY 11501. I am suing this state official, THOMAS SUOZZI, in his individual, capacity rather than his official, capacity." (Am. Compl. ¶ 2.) The corresponding paragraph in the SAC alleges, "Defendant COUNTY OF NASSAU, Mr. Thomas Suozzi Nassau County Executive Elected County Executive in 2001 and is the head of the executive branch of government in Nassau County. The executive is generally given full responsibility for the total operation of all departments based on general directives provided by the elected county government that hired the executive. Located at 1550 Franklin Avenue, Mineola, NY 11501." (SAC ¶ 2.)

125 (2d Cir. 2008) (per curiam) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

### III. DISCUSSION

As noted, the SAC names the County as a defendant in lieu of all defendants listed in the amended complaint except Hand and Visconti. That is the only difference between the SAC and the amended complaint. For the following reasons, this change alone does not cure the amended complaint's deficiencies as identified by Magistrate Lindsay's R&R, which this Court adopted. Accordingly, the proposed amendment to the amended complaint would be futile.

#### A. Sections 1981 & 1983

Plaintiff alleges that the County violated Section 1981 and Section 1983. As an initial matter, Section 1983 does not itself create substantive rights; rather, it offers "'a method for vindicating federal rights elsewhere conferred,' such as those conferred by § 1981." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "Indeed, 'the express cause of action for damages created by § 1983 constitutes the *exclusive* federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . .' *Id.* (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)) (emphasis in original). To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983.

The Supreme Court has explained that a municipal entity may be treated as a "person" for purposes of imposing liability under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal entity may be held liable only where the entity *itself* commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691.

Here, the Court determined that the amended complaint failed to allege any policy or custom that could support a claim of municipal liability. Accordingly, the Court dismissed all Section 1983 claims against the County. Because "the SAC merely reiterates . . . claims the Court has already dismissed, without addressing—much less remedying—the deficiencies the Court previously cited in dismissing those claims," leave to amend these claims is denied as futile. *Teitelbaum v. Katz*, No. 12-CV-2858 (VB), 2013 WL 3305775, at *2 (S.D.N.Y. July 2, 2013).

#### B. Sections 1985(3) & 1986

Section 1985 prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under

3

the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Hollman v. Cnty. of Suffolk*, No. 06-CV-3589 (JFB)(ARL), 2011 WL 280927, at *11 (E.D.N.Y. Jan. 27, 2011) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)); *see Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (citing *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586–87 (2d Cir. 1988)). Moreover, "violations of Section 1981 cannot form the basis of a conspiracy claim under Section 1985(3)." *Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404, 414 (E.D.N.Y. 2006).

Applying these principles to the amended complaint, the Court determined that plaintiff's Section 1985 claims were premised entirely on her Section 1981 claims. The Court thus dismissed the Section 1985 claims alleged in the amended complaint. Because the allegations in the SAC are identical to those set forth in the amended complaint, the Court must conclude that the SAC does not state a plausible Section 1985 claim.

Consequently, the Court also concludes that the SAC fails to state a plausible Section 1986 claim, because Section 1985 liability is a necessary predicate to a Section 1986 claim. *See Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000); *see also Posr v. Court Officer Shield # 207*, 180 F.3d 409, 419 (2d Cir. 1999) (affirming dismissal of Section 1986 claim where district court also dismissed Section 1985 claim).[2]

Accordingly, the Court concludes that the proposed amendments in the SAC would be futile with respect to the Section 1985 and Section 1986 claims.

### C. Title VI

Title VI of the Civil Rights Act of 1964 prohibits programs that receive federal funding from engaging in intentional discrimination on the basis of race. 42 U.S.C. § 2000d.

In the instant case, the Court has already held that the amended complaint failed to state a plausible Title VI claim because it did not identify any federally funded program or activity of which plaintiff was a beneficiary. Again, the SAC does not cure this defect by merely repeating the allegations of the amended complaint against the County.

---

[2] "Section 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Thomas*, 165 F.3d at 147 (citation and internal quotation marks omitted).

4

IV. CONCLUSION

For the reasons set forth herein, the Court denies plaintiff's motion to file the SAC.

SO ORDERED.

———————————————
JOSEPH F. BIANCO
United States District Judge

Dated:  December 23, 2013
        Central Islip, NY

\* \* \*

Plaintiff proceeds *pro se*. Nassau County is represented by John Ciampoli, Nassau County Attorney, by Pablo A. Fernandez, One West Street, Mineola NY 11501. Bridgette Hand and Joe Visconti are represented by Leonard Genova, Town Attorney, Town of Oyster Bay, by Karen J. Underwood, 54 Audrey Avenue, Oyster Bay, NY 11771.